(*Criminal Court of Cook County.*)

## City of Evanston

### vs.

## Ben W. Lord

(March, 1893.)

1. MUNICIPAL CORPORATION ORDINANCES EXCLUDING BICYCLES FROM SIDEWALKS, VALIDITY OF. An ordinance prohibiting bicycle riders from using the sidewalk of a street, or any street within the city limits is within the power of the city council to enact, and is reasonable.

2. CITIES AND VILLAGES—POWER TO ENACT ORDINANCE. It is within the powers given cities and villages by the ninth, fourteenth, sixty-sixth and ninety-second clauses of the powers given by the cities and villages act, for a city to enact an ordinance prohibiting the use of bicycles on its sidewalks.

3. ORDINANCE PROHIBITING VEHICLES ON SIDEWALK INCLUDES BICYCLES. An ordinance prohibiting vehicles on sidewalks includes bicycles as the term "bicycle" is covered by the generic term "vehicle."

In the criminal court of Cook county. Action of debt to recover a penalty for a violation of a city ordinance. Heard before Judge Edward F. Dunne, March, 1893.

The facts are stated in the opinion.

DUNNE, J.:—

This is an action in debt, brought by the city of Evanston against the defendant, to recover from him a penalty of not less than one nor more than ten dollars, for the violation of section 487 of the revised ordinances of the village of Evanston, as amended by an ordinance of the village of Evanston, passed October 4th, 1887. Section 487 of said ordinance provides as follows: "No person or persons shall push or back any horse, wagon, cart or other vehicle over any sidewalk, or use, lead, ride, or drive any horse, wagon, sled or sleigh thereon, unless it be in crossing the same to go into a yard or lot where no other suitable crossing or means of access is provided, under the penalty of not less than one dollar nor more than ten dollars for each offense."

The evidence shows that in violation of said section, the defendant was, on the 11th day of June, 1892, riding a bicycle upon a public sidewalk on Chicago avenue in the city of Evanston, and was not crossing said sidewalk to go into a yard or lot. The defense set up is first, that said ordinance was not properly proved; and secondly, that if proved, it is unreasonable and beyond the power of the village to pass, and therefore void.

The first objection is technical, and was not called to the attention of the court when the ordinances were offered in evidence.

The ordinance provides "That no person or persons shall push or back any horse, wagon, cart or other vehicle over any sidewalk." I cannot find any definition of the word "bicycle" in Webster, probably because of its recent origin; but a "vehicle" is defined therein as "That in which anything is or may be carried, as a coach, wagon, cart, carriage, or the like —a conveyance. That which is used as the instrument of conveyance or communication." Webster's International dictionary defines a velocipede to be "a light carriage propelled by the feet;" and a vehicle as "that in or on which any person or thing is or may be carried." The Century dictionary defines "velocipede" as "a light vehicle or carriage with two wheels or three, propelled by the rider;" a bicycle as a "modification of the velocipede" and a vehicle as "any carriage moving on land—an instrument of conveyance."

From these definitions it appears that a bicycle is a modification of a velocipede and that a velocipede is a vehicle. The generic word vehicle in the ordinance it follows, covers and includes velocipedes and bicycles without specifically mentioning the same.

It has been held judicially in the case of *Taylor v. Goodwin,* L. R. 4 Q. B. Div. 228, that the generic word "carriage" includes a bicycle. In that case defendant, riding a bicycle, was convicted under the statute prohibiting the "furious driving of a carriage."

The force of this decision is in no way weakened, as claimed by counsel for defendant, by the case of *Williams v. Ellis,* L. R. 5 Q. B. Div. 175. In this latter case it was contended

that a bicycle was liable to pay toll upon a turnpike under a statute fixing tolls "for every * * * coach, sociable chariot, Berlin, Landau, * * * hearse, litter, or other such carriage." The use of the language, other such carriage, plainly shows the intent of the act to restrict the collecting of toll from carriages of the description and character of those enumerated; and the court comments in the decision, on the different phraseology of the two statutes; and in no way disaffirms the position taken in the earlier case. In *Taylor v. Goodwin,* the generic word "carriage" without restriction or limitation is used as in the ordinance; in the case at bar the word "vehicle" is used; and the decision there rendered is of weight in the determination of the case under consideration.

In a short treatise in 24 Alb. L. J. 282, it is laid down that "In the absence of any legislative enactment forbidding them, riders of bicycles would seem to have the same right upon highways as those using any other vehicles. This of course would exclude bicycles from sidewalks which is quite necessary," quoting from Cook on Highways.

Conceding, therefore, that the generic word "vehicle" in the ordinance covers and includes the word "bicycle" the only questions left for determination are: *First.* Is the ordinance unreasonable? *Second.* Had the village of Evanston the right to pass the same?

*First.* As to the question as to the ordinance being reasonable or unreasonable?

The streets of all cities of any size in modern times are laid out by the municipal authorities with provisions and facilities for both foot passengers and vehicles. The center of the street, except in the case of some boulevards, has been invariably reserved for the use of horses and vehicles, and the sides of the street have been set apart for the use of pedestrians. This disposition of the streets has been found not only convenient, but absolutely necessary, and the sides of the streets have been invariably designated as they are in the ordinance in question, as sidewalks; showing plainly that they were intended for the exclusive use and benefit of pedestrians. No

reasonable man can question the convenience and necessity of this arrangement.

Such being the fact can it be said to be an unreasonable ordinance which prohibits the use of the sidewalks by wheeled contrivances whose rapidity in these modern times is equal to that of the swiftest horses?

If an ordinance excluding bicycle and bicycle riders from the portion of the streets intended for the use of pedestrians, is void, because of its unreasonable character, the word sidewalk should be abolished, and the life and limb of pedestrians in any large city would ever be in peril. The city of Evanston has a population of fifteen thousand people and Chicago avenue, upon which the defendant was riding at the time of his arrest, is one of its main thoroughfares. It is certainly within the province of the city council, in the exercise of reasonable discretion, to prohibit bicycle riders from using the sidewalk of this street, or any other street within its limits.

Being of the opinion, therefore, that the ordinance is reasonable, let us examine whether or not it was within the power of the board of the village trustees to pass the same. Among the powers given to cities and villages by the act of the Illinois legislature, chapter on cities and villages, revised statutes of Illinois, are the following: 1. Ninth clause, power to "regulate the use of the streets and sidewalks." 2. Fourteenth clause, power "to regulate the use of sidewalks." 3. Sixty-sixth clause, power "to pass and enforce all the necessary police ordinances." 4. Ninety-second clause, power "to prevent and regulate the rolling of hoops, playing of ball, flying of kites, or any other amusement or practice having a tendency to annoy persons passing in the streets or on the sidewalks."

It cannot be successfully contended that power was not given to the village of Evanston, under one if not more of these provisions, to pass the ordinance in question. In the opinion of this court ample authority is given by two, if not more, of these powers. The ordinance in question, passed in pursuance of these powers is not *ultra vires,* but on the contrary is within the powers conferred by the statute, and is valid and binding.